UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DEVON G. SEIVERS, | Case No. 24-CV-4230 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| TRACY BELTZ, | |
| Defendant. | |

The Court has received the January 14, 2025 Report and Recommendation of United States Magistrate Judge David T. Schultz. (ECF No. 12 ("R&R").) In the R&R, Judge Schultz recommended dismissing Seivers' complaint without prejudice (ECF No. 1), and denying as moot Seivers' outstanding motions for preliminary injunction (ECF No. 2), to amend the complaint (ECF No. 8), and to proceed in district court without prepaying fees or costs (ECF No. 9). Seivers objected to the recommendation in the R&R. (ECF No. 13.)

As background, Judge Schultz issued an order on December 17, 2024 ordering Seivers to pay an initial partial filing fee in the amount of $79.05 within twenty-one days pursuant to 28 U.S.C. Section 1915(b) and *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). (ECF No. 11.) The initial partial filing fee amount was determined based on the Certificate of Authorized Prison Official submitted by Seivers. (*Id*. at 2 n.2; *see also* ECF

No. 10.) In the order, Judge Schultz warned Seivers that "[s]hould [he] fail to pay the [initial partial filing fee], the Court will recommend dismissing this action without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (ECF No. 11 at 3.)

On January 14, 2025, Judge Schultz issued the R&R, recommending dismissal of the action under Rule 41(b) for failure to prosecute, as Seivers did not pay the initial partial filing fee within the twenty-one day window delineated in the December 17, 2024 order. (ECF No. 12 at 1 (citing *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.")).)

In his objections to the R&R, Seivers does not dispute the substantive disposition of the R&R. (ECF No. 13.) That is, Seivers does not object to the following: (1) that he was ordered by Judge Schultz to pay the $79.05 initial partial filing fee within twenty-one days of December 17, 2024; (2) that he did not timely pay that initial partial filing fee; and (3) that the Court has the authority to dismiss actions for failure to prosecute under Rule 41(b). Rather, Seivers argues that Beltz—the warden for Minnesota Correctional Facility Faribault—retaliated against him for bringing this action by draining funds from his inmate account by using those funds to remove mold from his prison cell. (*Id.*) The Court

2

need not address the merits of Seivers' retaliation argument, as that raises a new claim not made in the complaint.[1]

Because Seivers does not make any substantive objections to the R&R, the Court reviews the R&R for clear error. Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also Carlson v. Schnell*, No. 20-cv-1676 (WMW/HB), 2021 WL 1381189, at *1 (D. Minn. Apr. 12, 2021) ("A district court reviews for clear error any aspect of an R&R to which no specific objection is made." (citing *Grinder*, 73 F.3d at 795)). Finding no clear error, based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 12) is ACCEPTED;

2. The action is DISMISSED WITHOUT PREJUDICE;

3. Seivers' motions for preliminary injunction (ECF No. 2), to amend the complaint (ECF No. 8), and to proceed in district court without prepaying fees or costs (ECF No. 9), are DENIED as moot.

---

[1] Because the Court dismisses Seivers' action without prejudice, Seivers may raise claims relating to his allegation that Beltz drained his inmate account in a new action where he complies with the initial partial filing fee requirements of 28 U.S.C. Section 1915(b). But the Court reminds Seivers of the warnings provided by Judge Schultz in the R&R of the consequences of filing frivolous claims under 28 U.S.C. Section 1915(g). (*See* ECF No. 11 at 2–3 & n.3.)

3

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 3, 2025　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　s/Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　　Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　　United States District Judge